We'll now move to Appeal 24-1403 United States v. Michael Clark. We'll begin Mr. Brindley with you. May it please the court, my name is Beau Brindley and I represent the defendant appellant Michael Clark. When a law enforcement officer has information about an informant's reliability that he knows, subjectively knows, could negatively impact the credibility determination of a magistrate judge and intentionally decides he's not going to provide it, and instead provides only evidence that would bolster the informant's reliability, that officer acts with a reckless disregard for the truth. In this case, Investigator Moss admitted at the hearing that he knew the credibility of the informant was vital. He demonstrated this admission by admitting that he told the magistrate positive things about the informant's history with law enforcement because it would make it more likely to get the warrant. And then he admitted that he subjectively knew that facts about this informant could negatively impact credibility determinations. And there's lots. There's this person wanted money for doing this. There's this person had a drug problem and was on drugs. This person was under a case, trying to work off a case. He readily admitted, the investigator, that he knew all of those things could hurt a credibility determination. And yet, he decided he would not provide it to the magistrate, admitted that was a decision he made, and then justified it by saying, well, there was no policy that mandated that I do it. Now, that's troubling for a couple of reasons. But one is that there was no policy that mandated that he bolster the informant's credibility either. But he chose to do so. And the idea that a state or police department policy, that you don't have to uphold the requirements of Franks, could somehow absolve the officers. Mr. Brindley, this all sounds like a good argument to the District Court. What's clearly erroneous about them? What's clearly erroneous is that they didn't find, under the facts given, that it meets the definition of reckless disregard for the truth. It's an evaluation. It's a subjective evaluation. Would you agree? It is a subjective evaluation, yes, in part. But ultimately, it's a legal determination about what is reckless disregard from the truth that goes back to Sullivan. And the question is, the inferential portion of the Sullivan test, is whether or not there were obvious reasons to doubt. The District Court could have ruled in Mr. Clark's favor. Obviously, and we think they should have. On the theory that you've articulated. Yes. I'm still struggling with why it had to. The reason it had to, Your Honor, is because I would submit that in this particular scenario, where the law enforcement officer admittedly, subjectively knows he's got bad information that could hurt the likelihood of getting his warrant, chooses to omit it because he thinks he can get away with it based on some policy, and then only bolsters the reliability of the informant, I submit that is reckless disregard for the truth is a matter of law. There is no way that that could be. Can you point us to Frank's cases that apply that, that make such a finding as a matter of law? Not explicitly as a matter of law. But we cite in our brief, of course, the Glover case, we cite the Musgraves case, we cite the cases where this court has found that similar instances where there are intentional omissions, and these are intentional omissions. And, Your Honor, I think this just creates a very unique situation. Intentional, Mr. Brindley, in the sense that, yes, Moss was aware, and he made a choice, but doesn't Frank's turn on intent in that kind of subjective sense that Judge Hamilton is pointing to, intent to deceive the issuing judge? Well, in a sense, yes, but when it comes, there could be a specific intent to deceive, that's one possibility. The other possibility is recklessness. And as a matter of law, that's a thing to be considered here. This court remanded for consideration of his honesty and cautiousness, carefulness with respect to the facts. This investigator was plainly and admittedly not careful with respect to these facts. There was, his testimony was surprising to me in the district court, in that he readily admitted, yes, I knew this stuff, and I knew it was bad. I knew it could impact the magistrate's determination, and that's important. This law enforcement officer knows he's going before the magistrate and he's looking for the magistrate to make a decision. He wants him to decide his way. He knows information that will make it less likely, and admits he subjectively knew that would make it less likely, and chose not to put that in because there was no policy that said he has to. What do you do about the passage in the district court opinion where the district court said, even if you all together exclude all this, there's plenty? Well, Your Honor, I think this court originally, when this appeal was first before the court, dealt with that in looking at what else there was, and there was nothing else beyond what was in the record before that was added at this hearing about the corroboration. The corroboration that this court found to be woefully meager, to use the language that this court used in the original remand of the case, remains meager. There was no way to find probable cause based on the other items without the informant. If that is the position of the district court, that position is plainly erroneous based on this court's already evaluation of the other corroborating evidence. And what is unique about this situation and troubling is that the officer went to court and testified in a way that suggested, as long as we have a department policy that says we don't have to do this, then I can know that this would hurt the likelihood of getting the warrant, and keep it out, and I'll be okay. And what that suggests is the department policy could absolve the officer of his constitutional duties, and that cannot be the case. The magistrate has no way to make an informed decision. The officer knew that he was omitting items that the magistrate would need to make an informed decision. Even if Moss himself says, well, I believe the informant, Moss himself also knew that the magistrate was going to make the decision. He knew that the magistrate had to make the determination on the magistrate's own, and he knew that material that he admitted would make that less likely is something he chose not to put in. And we submit that that is reckless disregard for the truth, and any finding to the contrary is certainly clear error. Would you like to reserve the remainder of your time? I would, Your Honor. Thank you. Thank you, Mr. Brindley. We'll now move to the argument on behalf of the appellee, Mr. Reinhart. Good morning. David Reinhart, representing the United States in this appeal. Mr. Brindley makes a lot of good arguments regarding getting a Franks hearing, but we're beyond that. You know, he got his Franks hearing and raises some reasons that, in fact, he ignores the reasons that he has to prove that it's recklessly or intentionally deceptive. And we had a full Franks hearing on that particular issue where the court was able to ask questions of the affiant in the case. The defense had the ability, defense cross-examined Investigator Moss on that. And the court weighed all that evidence and determined that, in fact, he had presented credible reasons as to why he had omitted this information. He was not intentionally or recklessly deceptive. And that's the standard. That's what stage we're at now in this proceeding. Mr. Reinhart, can I ask you, you all make the point in your brief that law of the case really precludes all this. The reason I have some difficulty with that is I'm aware of what we did in the prior opinion. I sure didn't think we were foreclosing Mr. Brinley from after a Franks hearing. Franks hearing happened just like you talked about. From now coming up in our court and arguing that either there was a legal error in the Franks hearing or there was an error with respect to the finding of facts. I didn't think we were precluding a second appeal. In other words, challenging the outcome of the Franks hearing. Did you read us to be doing that? Well, that's how we read it. We read it that the court was expressly stating that, look, if the judgment is reinstated. After you made that argument, I reread that dispositive paragraph that I wrote and for the first time understood how you might reach that conclusion. I don't think we could foreclose a second appeal properly. Could we? Well, I think you could. I think if it is a legal ruling or a legal decision, I would not put words in his mouth, but Mr. Brinley and his colleague there may say, look, if you're pre-terminating an appeal, if right now you're saying you can't appeal in 2025, the outcome of a hearing that hasn't happened now, I would think what he would argue is that that's a due process violation. Well, it's a flexible standard. Like a summary reversal from the Supreme Court. Kind of due process. I don't think we need to get too wrapped up in it. Go ahead. You've got a deferential standard of review on the merits. And I'll just close it. Look, the law of the case is a flexible standard. It's not a straight jacket. They just said that. It's something that is discretionary. But based on the express words, that's why we argue. Yeah, go ahead. Don't worry about it. But yes, I think getting to the next point, even if the law of the case doctrine does not bar the appeal, Clark can't show that the district court's findings were clearly erroneous in this particular case. I mean, these were detailed, well-reasoned findings made by the magistrate, and ultimately found that Investigator Moss was credible. And in 2015 in Wisconsin, and it has to be put back into context, back in that time frame, it was not the practice to include the credibility information. I'm not saying it was the best practice, but he wasn't trained. Do you know, Mr. Renner, whether the practice has changed? Yes. As Judge Scudder originally suggested? Yes. On the record, I think Investigator Moss stated during the hearing that In the transcript of the hearing, I think there's a reference to the fact that There is a reference that has changed. And now there's training regarding the case law and putting the adverse credibility information in the affidavits. Yeah, I don't understand. You don't disagree, do you, at least at a general legal level with Mr. Brinley's point, that that needs to be in there? Yes. That stuff needs to be in there. It's a better practice. Somebody's using drugs, or they're getting paid, or they've got six felonies, or whatever. Well, it's a better practice to have the judge have all the information in the case, the good and the bad. I think we've evolved in that regard as the case law has evolved in that area. But going back to Investigator Moss, he wasn't trained to include it. Supervisors didn't require it. This just wasn't department policy in the case. I mean, he would submit these affidavits to assistant district attorneys. They would review them, and they weren't requiring it. And then when they brought those affidavits to the state court judges, they didn't have any questions about it. And I think at the time, as the magistrate put in his report and recommendation, that it was a practice that was disfavored just because they thought it would disclose the CI based on a prior record. Because of that, there was no intent to deceive the issuing judge in this case, and that's what the district court found. I understood the point to be that, in essence, most of the judges on the ground in that part of the state understand that somebody who's providing confidential information about drug dealing probably are not model citizens. Correct. I think judges who are practicing understand that these CIs don't come with clean hands almost most of the time. If there aren't any further questions, the government will rest on its brief and ask this court to affirm the district court. Thank you very much, Mr. Reinhart. Mr. Brindley, we'll go to you now for rebuttal argument. Thank you, Your Honor. Ultimately, Your Honor, I think the problem here is, and as I hear them describe it, they are saying that if you have a policy, a statewide policy or a district attorney policy, that you don't have to follow Franks. Franks was the law. Then an officer can say, well, I'll give them the good stuff and not the bad stuff, and that's going to resolve me of any problems. The magistrate has to be able to ask questions to determine reliability, and he can't ask questions about things that he doesn't know. Now, I think this would be a different situation if Investigator Moss had answered my questions by saying, these issues with the informant, I didn't think those could impact a credibility decision. But he admitted that they could and that he knew that they could. And saying that, well, I didn't think I had to, but I put in the positive stuff anyway, that is by definition an admission that he's giving a misleading picture to the magistrate judge. And he knew he was giving a misleading picture to the magistrate judge. All he does really is anchor the act of giving a subjectively known misleading picture to the magistrate judge of the informant is to tether it to, well, there was a policy that said we didn't have to or I didn't know. And that doesn't change the fact of what he did know. And that's where I ask your honors to focus, what he did know. And what he did know was that there was positive things that would help him get a warrant that he included. There was negative things that he knew in his own mind subjectively could hurt. And he decided he wasn't going to put them in. So he absolutely as a matter of logical necessity knew that he was giving a misleading picture to the magistrate judge. And that is reckless disregard for the truth. And any finding otherwise is clear error. Because to find otherwise would be to sanction officers knowing that they're giving a misleading picture to a magistrate because they want to get a warrant and getting away with it because they say, well, there was a policy, so it was fine. The fact that they changed it after the fact is evidence they should have had gotten it right in the first place. But nothing changes the fundamental bedrock fact for us, that he knew he was giving a misleading picture to the magistrate and admitted as much at the hearing. And that's reckless disregard for the truth. We think that requires suppression and that the case should be remanded. Thank you. Thank you, Mr. Brindley. Thank you, Mr. Reinhart. The case will be taken under advisement.